The Honorable Stuart Vess State Representative 6717 Pontiac Dr. North Little Rock, Arkansas 72116
Dear Representative Vess:
This letter is a response to your request for an opinion regarding certain issues related to railroad crossings. You have presented the following questions:
 (1) Does a railroad employee have the legal right to direct traffic on public crossings?
 (2) Should an employee be injured by an auto or truck during such operation, who is at fault and liable for injury?
 (3) If the auto or truck is damaged due to the employee directing traffic, does the employee incur liability or does such liability belong to the railroad employer?
RESPONSE
Question 1 — Does a railroad employee have the legal right to directtraffic on public crossings?
A complete answer to Question 1 will depend upon certain facts of which my office has not been apprised. Most important among the facts that we would need to know in order to answer Question 1 fully is the meaning of the phrase "to direct traffic," as used in your question. The extent of the activity about which you have inquired is unclear. I therefore cannot address the question fully.
Nevertheless, I am able to state generally that it is my opinion that a railroad employee who has been authorized by his employer to signal traffic at public crossings regarding the status of trains in the vicinity has the legal right to do so.
This conclusion is based upon two factors.
First, railroad companies are given the legal responsibility to maintain the safety of their crossings. They are specifically required to maintain lights and bells at crossings. See A.C.A. § 23-12-410. Liability is imposed upon them under the cited statute for damages sustained as a result of their failure to do so. Although the language of this statute is limited to a discussion of the railroad company's responsibility to maintain lights and bells at crossings, the Arkansas Supreme Court has interpreted this statute to impose a responsibility upon railroad companies a general responsibility to maintain the safety of crossings.Hines v. Johnson, 145 Ark. 592, 224 S.W. 989 (1920). The Arkansas Supreme Court has consistently absolved railroad companies of liability for failure to maintain lights and bells at crossings, if by some other means the danger was communicated to those in the vicinity. See, e.g., KansasCity S. Ry. v. Baker, 233 Ark. 610, 346 S.W.2d 215 (1961); Missouri Pac.R.R. v. Dennis, 205 Ark. 28, 166 S.W.2d 886 (1942); Missouri Pac. R.R.v. Carruthers, 204 Ark. 419, 162 S.W.2d 912 (1942); Missouri Pac. R.R.v. Moore, 199 Ark. 1035, 138 S.W.2d 384, cert. denied, 311 U.S. 646
(1940); Tinsley v. Missouri Pac. R.R., 189 Ark. 530, 73 S.W.2d 473
(1934). The holdings of these cases indicate that if a railroad company deems it necessary to place an employee at a crossing to signal traffic in order to maintain the crossing's safety, a decision to do so will constitute an effort that is sufficient to protect the company from liability for failure to maintain the lights and bells.
In addition, railroad employees are imposed with a duty to keep a lookout on the company's railroad tracks. A.C.A. § 12-23-907. The Arkansas Supreme Court has interpreted this section as being intended to protect those who might unwittingly enter upon danger zones in the vicinity of the tracks. See Missouri Pac. R.R. v. Nelson, 195 Ark. 883,115 S.W.2d 872 (1938). Clearly, those who "unwittingly" enter upon a danger zone must be directed to leave the zone. It must therefore be concluded that authorized employees have the legal right to signal and direct traffic in this manner.
Second, the provisions of A.C.A. § 27-51-702 impose upon drivers a responsibility to stop within a specified distance of a crossing where a "human flagman" is giving a signal of an approaching train. This responsibility on the part of drivers goes hand-in-hand with the authority of the flagman to signal traffic of the approaching train. The legislature would be powerless to impose an obligation upon drivers to respect the signals of a railroad employee who is acting illegally. Therefore it must be concluded that authorized railroad employees have a legal right to "direct" traffic with regard to information about the proximity of trains.
It is axiomatic, of course, that a railroad employee's legal right to signal traffic at crossings could not exceed the authority granted him by his employer, and that his employer's grant to him of authority could not exceed the law.
Question 2 — Should an employee be injured by an auto or truck duringsuch operation, who is at fault and liable for injury?
Because the answer to Question 2 would depend entirely upon the specific facts attendant to the situation, I am unable to give an opinion as to this matter.
Question 3 — If the auto or truck is damaged due to the employeedirecting traffic, does the employee incur liability or does suchliability belong to the railroad employer?
The answer to Question 3, likewise, would depend entirely upon the specific facts established with regard to the situation. I am therefore unable to opine as to this matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General